1

2

3

4

5    UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
6              AT TACOMA

7

DEENA RAE DAVIS,

8                          Plaintiff,          CASE NO. C16-00474 BHS

9          v.                                  ORDER AFFIRMING THE
                                               COMMISSIONER'S DECISION
10
     CAROLYN W. COLVIN, Acting
11   Commissioner of Social Security,

                           Defendant.
12

13
                              **I. BASIC DATA**
14

     Type of Benefits Sought:
15

16        (X) Disability Insurance

17        (X) Supplemental Security Income

     Plaintiff's:
18

19        Sex: Female

20        Age: 43

21   Principal Disabilities Alleged by Plaintiff: Right rotator cuff tear, arthritis, herniated
     discs, neck injury, depression, anxiety, mood disorder, and chronic pain
22
     Principal Previous Work Experience: Certified nurse assistant

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ Joanne E. Dantonio:

Date of Hearing: July 31, 2013; hearing transcript AR 43-111

Date of Decision: July 14, 2014

Appears in Record at: AR 18-42

Summary of Decision:

The claimant has not engaged in substantial gainful activity since the amended alleged onset date.  The claimant has the following severe impairments: cervical spine degenerative disc disease, status post C6-7 foraminotomy, discectomy, and fusion; bilateral carpal tunnel syndrome ("CTS"), status post releases; fibromyalgia; light shoulder strain, status post rotator cuff repair; bipolar disorder; anxiety disorder; panic disorder; history of attention deficit hyperactivity disorder ("ADHD"); and poly-substance dependence/abuse.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Based on all of the claimant's impairments, including the substance use disorders, the claimant has a residual functional capacity ("RFC") that precludes her from being capable of performing past relevant work or other jobs available in significant numbers in the national economy.  However, if the claimant stopped the substance abuse, she would have the RFC to perform light work except that she can never climb ladders, ropes, or scaffolds, occasionally climb stairs, occasionally stoop, crouch, crawl, and kneel, and less than occasionally balance.  She needs to sit/stand at will, i.e. sit/stand every 30 minutes, and take a 15-minute break every two hours and a 30-minute break after four hours.  She can frequently handle and fmger.  She needs to avoid concentrated exposure to extreme cold, vibration, and hazards.  There should be no requirement to drive. Further, she can perform simple, repetitive tasks that  do not require contact with the public or crowds.

If the claimant stopped the substance abuse, considering her age, education, work experience, and RFC, there would be a significant number of jobs in the national economy that she could perform.

1
2

> Therefore, the claimant has not been disabled at any time from the amended alleged onset date of February 18, 2012, through the date of the decision.

3  Before Appeals Council:

4      Date of Decision: January 29, 2016

5      Appears in Record at: AR 1-5

6      Summary of Decision: Declined review

7  ### III. PROCEDURAL HISTORY—THIS COURT

8      Jurisdiction based upon: 42 U.S.C. § 405(g)

9      Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

10  ### IV. STANDARD OF REVIEW

11      Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's

12  denial of Social Security benefits when the ALJ's findings are based on legal error or not

13  supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d

14  1211, 1214 n.1 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than

15  a preponderance, and is such relevant evidence as a reasonable mind might accept as

16  adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971);

17  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for

18  determining credibility, resolving conflicts in medical testimony, and resolving any other

19  ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

20  While the Court is required to examine the record as a whole, it may neither reweigh the

21  evidence nor substitute its judgment for that of the ALJ.  *See Thomas v. Barnhart*, 278

22  F.3d 947, 954 (9th Cir. 2002).  "Where the evidence is susceptible to more than one

1  rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion

2  must be upheld." *Id.*

## V. EVALUATING DISABILITY

4  The claimant, Deena Rae Davis ("Davis"), bears the burden of proving that she is

5  disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172

6  F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in

7  any substantial gainful activity" due to a physical or mental impairment which has lasted,

8  or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C.

9  §§ 423(d)(1)(A), 1382c(3)(A). A claimant is disabled under the Act only if her

10 impairments are of such severity that she is unable to do her previous work, and cannot,

11 considering her age, education, and work experience, engage in any other substantial

12 gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also*

13 *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

14 The Commissioner has established a five-step sequential evaluation process for

15 determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R.

16 § 416.920. The claimant bears the burden of proof during steps one through four.

17 *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five,

18 the burden shifts to the Commissioner. *Id.*

## VI. ISSUES ON APPEAL

20     1.     Did the ALJ err in assessing the medical evidence in the record?

21     2.     Did the ALJ err in assessing Davis's testimony?

22     3.     Did the ALJ err in assessing the lay witness testimony?

4.      Did the ALJ err in assessing whether Davis's drug abuse and alcoholism ("DAA") was a material factor to her disability?

5.      Did the ALJ err in assessing Davis's RFC in the absence of DAA and therefore in determining that Davis could perform other work at step five?

## VII. DISCUSSION

Davis appeals the Commissioner's decision denying her disability benefits, arguing that the ALJ committed several errors requiring reversal. Dkt. 14.  The Court addresses the alleged errors in turn.

**A.      Medical Evidence**

Davis argues that the ALJ erred in evaluating the medical evidence in the record. *See* Dkt. 14 at 3-14.  The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence.  *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons."  *Id*. at 725.  The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Id*.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record."  *Id*. at 830-31.

1          **1.      David Moore, Ph.D.**

2          Davis argues that the ALJ erred by failing to give a specific and legitimate reason

3    supported by substantial evidence to discount the opinion of David Moore, Ph.D.  *See*

4    Dkt. 14 at 8-9.  The court disagrees.

5          Dr. Moore examined Davis in July of 2012 and diagnosed her with several

6    conditions, including polydrug dependence and malingering.  *See* AR 704.  Dr. Moore

7    opined that Davis had several marked and moderate mental limitations.  *See* AR 706.

8    The ALJ, in evaluating Davis's RFC in the absence of DAA, discounted Dr. Moore's

9    opinion because it was rendered while Davis was using or had recently used substances.

10   *See* AR 35.

11         Davis argues that because she was hospitalized in a psychiatric ward without

12   access to unprescribed drugs or alcohol at the time of the examination, the ALJ's reason

13   for discounting Dr. Moore's opinion is not supported by substantial evidence.  *See* Dkt.

14   14 at 9.  However, in the clinical interview that Dr. Moore performed, he elicited details

15   of Davis's substance use and her daily activities when she was not hospitalized.  *See* AR

16   705.  Dr. Moore accordingly diagnosed Davis with polydrug dependence.  *See* AR 704.

17   Dr. Moore then concluded that Davis's cognitive and social abilities were compromised

18   in part "by her unstable addiction recovery" and estimated that she would remain so

19   impaired for eight to 11 months.  *See* AR 705.  The record confirms that Davis had a

20   positive drug test in April of 2012, three months before the evaluation.  *See* AR 983.

21   Therefore, regardless of Davis's access to drugs or alcohol while temporarily

22   hospitalized, substantial evidence supports that Dr. Moore's opinion was rendered when

1    Davis had recently been using substances and was based in part on Davis's substance use.

2    The ALJ did not err by discounting the opinion when assessing Davis's functional

3    limitations in the absence of DAA.

4         **2.      State Agency Medical Consultants**

5         Davis argues that the ALJ erred by giving too much weight to the opinions of state

6    agency medical consultants Robert Hander, M.D., Charles Wolfe, M.D., Matthew

7    Comrie, Psy.D., and Christmas Covell, Ph.D.  *See* Dkt. 14 at 13-14.  The Court disagrees.

8         A state agency medical consultant is a "highly qualified" physician with expertise

9    in evaluating "medical issues in disability claims."  *See* Social Security Ruling ("SSR")

10   96-6p, 1996 WL 374180 at *2.  An ALJ must explain the weight given to the opinions in

11   her decision.  *See id.*  An ALJ must also evaluate the degree to which the providers of

12   these opinions consider all of the pertinent evidence, including opinions of treating and

13   other examining sources.  *See* 20 C.F.R. § 404.1527(c)(3).

14        Here, the ALJ gave great weight to the opinions of the state agency medical

15   consultants but in fact assessed Davis with an RFC with stricter limitations based on

16   other physicians' opinions.  *See* AR 30, 34-35.  Davis first argues that the ALJ erred by

17   "fail[ing] to acknowledge that their opinions [were] inconsistent with the clinical

18   findings" in the record.  *See* Dkt. 14 at 13-14.  In fact, the ALJ tacitly acknowledged

19   some inconsistencies by incorporating stricter limitations into Davis's RFC.  *See* AR 30.

20   Davis does not specifically identify which other clinical findings show that the RFC is

21   unsupported by substantial evidence.  *See* Dkt. 14 at 13-14.  Regardless, considering that

22   the ALJ outlined all of the clinical findings that supported her assessment (*see* AR 32-

35), Davis's argument amounts to a request that the Court reweigh the evidence, which the Court must not do.  *See Thomas*, 278 F.3d at 954.  Substantial evidence supports the weight the ALJ assigned to the state agency medical consultants' opinions.

Second, Davis argues that the ALJ erred by "failing to acknowledge" that the opinions of nonexamining physicians are generally entitled to less weight than the opinions of examining physicians.  *See* Dkt. 14 at 14.  However, "[i]n order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record."  *Van Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (emphasis in original).  Here, the ALJ provided such a reason to discount Dr. Moore's opinion in favor of the consultants' opinions.  *See supra* § VII.A.1.

Finally, Davis argues that the ALJ erred by giving great weight to the opinions of the state agency medical consultants because the consultants did not review any evidence beyond November of 2012.  *See* Dkt. 14 at 14.  However, that other medical evidence was produced after the date of the consultants' opinions does not alone render them stale. Instead, the ALJ must evaluate their consistency with the entire record, including any evidence produced after the consultants' opinions were issued.  *See* SSR 96-6p at *2. Again, because the ALJ outlined the clinical findings that supported the consultants' opinions, substantial evidence supports the ALJ giving the opinions great weight while assessing Davis with an RFC with some stricter limitations.

1        **3.      Other Medical Evidence**

2        Davis describes in detail the findings of 30 other medical providers, arguing only

3   that these findings "undermine[d] the ALJ's analysis of Davis's testimony as well as the

4   ALJ's reliance on the opinions of the state agency physicians." *See* Dkt. 14 at 3-14, Dkt.

5   20 at 3.  As discussed above, substantial evidence supports the ALJ's assignment of great

6   weight to the state agency medical consultants' opinions.  *See supra* § VII.A.2.  The

7   Court will not reweigh the evidence.  *See Thomas*, 278 F.3d at 954.  As discussed below,

8   the ALJ did not err in discounting Davis's testimony.  *See infra* § VII.B.

9   **B.    Davis's Testimony**

10       Davis argues that the ALJ erred in evaluating her testimony.  *See* Dkt. 14 at 14-21.

11  The Court disagrees.

12       Questions of credibility are solely within the control of the ALJ.  *See Sample v.*

13  *Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  The Court should not "second-guess" this

14  credibility determination.  *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984).  Unless

15  affirmative evidence shows the claimant is malingering, an ALJ's reasons for rejecting

16  the claimant's testimony must be "clear and convincing."  *Lester*, 81 F.2d at 834.

17  However, an ALJ may dismiss a claimant's subjective complaints where there is

18  affirmative evidence of malingering.  *See Valentine*, 574 F.3d at 693.

19       Here, the ALJ discounted Davis's testimony because, among other reasons, Dr.

20  Moore diagnosed Davis with malingering.  *See* AR 31.  Affirmative evidence supports

21  this finding.  Dr. Moore diagnosed Davis with malingering after finding that Davis

22  engaged in "impression management, exaggerating neuropsych symptoms and socially

1    inappropriate behavior." *See* AR 704.  Dr. Moore found that Davis was "med seeking"

2    and "faking" bad behavior.  *See* AR 707.  He found that her memory was "somewhat

3    selective from an impression management standpoint." *See id*.  Finally, Dr. Moore

4    questioned the validity of Davis's mental testing results because of her efforts to

5    manipulate those results.  *See id*.  Therefore, the ALJ gave a sufficient reason supported

6    by affirmative evidence to discount Davis's testimony.

7          Davis argues that the ALJ may not discount Davis's testimony based on a finding

8    of malingering because SSR 16-3p eliminates the use of the term "credibility" and states

9    that ALJs should not assess a claimant's overall character or truthfulness.  *See* Dkt. 14 at

10   16.  However, without deciding whether SSR 16-3p, which became effective March 16,

11   2016, applies retroactively, Davis's argument fails in any case because SSR 16-3p still

12   instructs ALJs to compare a claimant's subjective reports to "[i]mportant information

13   about symptoms recorded by medical sources and reported in the medical evidence." *See*

14   SSR 16-3p, 2016 WL 1119029 at *6.  Certainly, a medical diagnosis of malingering and

15   findings that an individual is faking symptoms fall within the scope of what an ALJ may

16   consider.  Therefore, the ALJ did not err by discounting Davis's testimony because of

17   affirmative evidence that she was malingering.

18   **C.    Lay Witness Evidence**

19         Davis argues that the ALJ erred in evaluating the lay witness testimony of her

20   roommate Carl Johnson.  *See* Dkt. 14 at 22.  The Court disagrees.

21         "In determining whether a claimant is disabled, an ALJ must consider lay witness

22   testimony concerning a claimant's ability to work." *Stout v. Comm'r*, *Soc. Sec. Admin.*,

1  454 F.3d 1050, 1053 (9th Cir. 2006).  If an ALJ disregards the testimony of a lay witness,

2  the ALJ must provide reasons "that are germane to each witness."  *Nguyen v. Chater*, 100

3  F.3d 1462, 1467 (9th Cir. 1996).

4        Here, the ALJ discounted Mr. Johnson's testimony in assessing Davis's RFC in

5  the absence of DAA because it was not clear that Mr. Johnson's testimony was regarding

6  Davis's functioning in the absence of DAA.  *See* AR 35.  Mr. Johnson completed his

7  report in the same month that Davis had a positive drug test.  *See* AR 259, 983.

8  Therefore, the ALJ provided a germane reason supported by substantial evidence to

9  discount Mr. Johnson's testimony in assessing Davis's RFC in the absence of DAA.

10 **D.    DAA as a Material Factor and Step-Five Finding**

11        Davis argues that the ALJ erred in finding that Davis's DAA was a material factor

12 to her disability.  *See* Dkt. 14 at 22-23.  Davis also argues that the ALJ erred in assessing

13 her RFC and finding at step five that she could perform work available in the national

14 economy.  *See id.* at 23.  However, both arguments are premised on the errors alleged

15 above.  Therefore, because the Court finds that the ALJ did not err in evaluating the

16 medical evidence, Davis's testimony, or the lay witness evidence, the ALJ's DAA

17 analysis, RFC assessment, and step-five finding are supported by substantial evidence

18 and not in error.  *See supra* §§ VII.A., B., C.

19

20

21

22

1

**VIII. ORDER**

2        Therefore, it is hereby **ORDERED** that the Commissioner's final decision is

3   **AFFIRMED**.

4        Dated this 20th day of January, 2017.

5

6

7                                              BENJAMIN H. SETTLE
                                             United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22